**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
Telephone: (804) 644-1700
peter.barrett@kutakrock.com
jeremy.williams@kutakrock.com
  *Counsel to Keith L. Phillips, Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| IN RE:  MARK W. CARNES, SR. | Case No. 11-33842-DOT |
| | Chapter 7 |
| Debtor. | |

### MOTION TO EXAMINE PURSUANT TO RULE 2004

Keith L. Phillips (the "Trustee"), Trustee for the Bankruptcy Estate of Mark. W. Carnes (the "Debtor"), by counsel, moves to compel Carnes Holdings, Inc. ("Carnes Holdings") to produce certain documentation pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and, in support thereof, states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 9, 2011.  By order of the Court dated December 2, 2011 [Docket No. 76], the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

4. The Trustee was appointed as the Chapter 7 Trustee and continues to serve as Trustee in this case.

4845-7683-5854.2

5. Upon information and belief, the Debtor was previously indebted to Carnes Holdings in connection with a Promissory Note dated June 15, 2009 by and between (i) Carnes Holdings and (ii) Pace King Mansion and the Debtor (the "Obligations").

6. Upon information and belief, in connection with the Obligations, the Debtor executed a Pledge Agreement dated June 15, 2009 in which the Debtor agreed to pledge his shares in Carnes Holdings (the "Shares") to secure the Obligations.

7. Upon information and belief, defaults occurred under the Obligations and on June 15, 2010, Carnes Holding declared the Obligations in default and demanded payment of $1,835,435.06.

8. Upon information and belief, pursuant to a letter agreement dated March 14, 2011, the Debtor agreed to turnover his Shares in satisfaction of the Obligations. Upon further information and belief, in furtherance of the agreement, the Debtor received $500,000.00, which amount purportedly represented (i) the difference between the appraised value of the Shares and the Obligations plus (ii) compensation in exchange for releases granted to Carnes Holdings and certain related entities.

9. To date, the Trustee has been unable to obtain certain information regarding the Obligations and the subsequent settlement, including, but not limited to, the appraisal and its related documentation regarding the valuation of the Shares.

10. The Trustee is investigating whether the transfer of the Shares to Carnes Holdings may potentially constitute a fraudulent and/or preferential transfer recoverable by the Debtor's estate for the benefit of its creditors.

11. The Trustee needs to review certain documentation in the possession of Carnes Holdings to determine the validity and amount of the Obligations and the manner and

methodology for valuing the Shares. The above issues relate directly to the acts, conduct, or property of the Debtor and the liabilities and financial condition of the Debtor, and may affect the administration of Debtor's estate.

12. Therefore, the Trustee requests the Court to order the production of the documentation identified on **Schedule A** attached hereto.

13. The Trustee does not intend to examine Carnes Holdings at this time, but has discussed with counsel for Carnes Holding the Trustee's intent, if further information or investigation is deemed necessary by the Trustee or would benefit the estate, to file a subsequent motion under Rule 2004 of the Federal Rules of Bankruptcy Procedure in which the Trustee would request that the Court order Carnes Holdings to be examined and to produce additional documentation.

**WHEREFORE**, the Trustee requests the Court to compel Carnes Holdings to produce documentary evidence as requested herein, and to award any further relief the Court deems proper.

                  **KEITH L. PHILLIPS, TRUSTEE**

                  By: /s/ Jeremy S. Williams
                      Counsel

**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
Telephone: (804) 644-1700
peter.barrett@kutakrock.com
jeremy.williams@kutakrock.com
 *Counsel to Keith L. Phillips, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

  Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on January 31, 2012 a true and correct copy of the foregoing was served on all necessary parties via CM/ECF or first-class mail, postage prepaid, as follows:

*Counsel for Debtor:*
Douglas A. Scott, Esq.
Douglas A. Scott, PLC
1805 Monument Avenue, Suite 311
Richmond, VA 23220
bankruptcycounsel@gmail.com

*Debtor:*
Mark W. Carnes, Sr.
13630 Robious Road
Midlothian, VA 23113

*Carnes Holdings, Inc.*
Carnes Holdings, Inc.
Thomas P. Rohman, Registered Agent
901 East Cary Street
Richmond, Virginia 23219

Carnes Holdings, Inc.
9801 Ironbridge Road
Chesterfield, Virginia 23832

*United States Trustee:*
Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Robert.B.Van.Arsdale@usdoj.gov

*Counsel for Carnes Holdings, Inc.*
John H. Maddock, III, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030

              By: /s/  Jeremy S. Williams
                 Counsel

## **DEFINITIONS AND INSTRUCTIONS**

1. The terms "Affiliate" means any entity in which the Debtor was an officer, director, shareholder or member or otherwise had an interest, including, but not limited to Pace King.

2. The term "Carnes Holdings" means Carnes Holdings, Inc.

3. The terms "Debtor" means Mark W. Carnes, Sr.

4. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records).

5. The term "Obligations" means any and all amounts due and owing to Carnes Holding by the Debtor, Pace King and/or any Affiliate.

6. The term "Pace King" means Pace King Mansion, L.L.C.

7. The term "relating to" means pertaining to, affecting, involving or being connected to.

8. If you choose to withhold any documents from production on the grounds of privilege or the like, you must, in addition to identifying the documents so withheld, provide a privilege log or schedule containing for each such document:

    (a) a description of the type and contents of each such document claimed to be privileged and its date and current custodian and present location;
    (b) the name, occupation and capacity of the document's author;
    (c) the name, occupation and capacity of the each addressee of the document;
    (d) the name, occupation and capacity of each other person who obtained the document or a copy thereof or to whom the document was disseminated or who was informed of the document's contents; and
    (e) the privilege(s) claimed and, for each privilege claimed, a statement of the factual basis for applicability of the privilege.

## **SCHEDULE A**

1. All documents evidencing or relating to any and all Obligations due and owing by the Debtor and/or any Affiliates to Carnes Holding, including, but not limited to, the following:

    a. A Promissory Note dated June 15, 2009 and executed by Carnes Holdings and the Debtor and Pace King;

    b. A Credit Line Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 15, 2009; and

    c. A Pledge Agreement dated June 15, 2009 and executed by the Debtor.

2. All documents regarding or relating to Carnes Holdings interest in certain real property pursuant to a Credit Line Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 15, 2009, including, but not limited to, title reports, appraisals, correspondence and foreclosure documents.

3. All documents regarding or relating to any and all settlement proposals by and between Carnes Holdings and the Debtor or any Affiliate regarding the Obligations.

4. All documents regarding or relating to any evaluations or assessments of the value of the Debtor's shares in Carnes Holdings, including, but not limited to, the appraisal performed by Davenport Financial Advisors LLC and all documents and information relied upon in connection with or relating to such appraisal, evaluations or assessments, such as tax returns, asset lists, balance sheets, statements of cash flows, profit and loss statements and records of shareholder loans and distributions.

5. All documents related to any settlement reached with the Debtor or any Affiliate regarding the Obligations owed to Carnes Holding.

6. All documents reflecting or relating to any transfers between the Debtor and Carnes Holding.