**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE:  MARK W. CARNES, SR.                      Case No. 11-33842-DOT

                                                                                     Chapter 7

                          Debtor.

## ORDER PURSUANT TO RULE 2004

THIS MATTER comes before the Court upon the *Motion to Examine Pursuant to Rule 2004* (the "Motion") filed by Keith L. Phillips (the "Trustee"), Trustee for the Bankruptcy Estate of Mark. W. Carnes (the "Debtor"), by counsel, to compel Carnes Holdings, Inc. ("Carnes Holdings") to produce certain documentation pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The Motion having been properly served, no response having been filed to the Motion and the Court having further found that good cause exists to grant the relief herein, it is

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is hereby granted.

2. Carnes Holdings shall produce all documentary evidence in its actual or constructive possession (or provide a written response to counsel explaining the effort to locate the documents, the reason for the lack of production and the location or disposition of the documents to the extent documents cannot be produced) identified in **Schedule A** attached hereto.

3. All documentary evidence shall be produced at Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, VA 23219 within 14 days of entry of this Order.

4. Nothing in this Order shall prohibit the Trustee from filing a subsequent motion under Rule 2004 of the Federal Rules of Civil Procedure to request that the Court order Carnes Holdings to be examined and/or to produce additional documentation.

4852-7217-6910.1

     5.  The Clerk shall serve copies of this Order to counsel for the Trustee and the parties on the Service List.


ENTERED: _____                      _____
                                                          UNITED STATES BANKRUPTCY COURT JUDGE


Order submitted by:


/s/ Jeremy S. Williams _____
**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
804-644-1700
Peter.Barrett@KutakRock.com
Jeremy.Williams@KutakRock.com
*Counsel to Keith L. Phillips, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on February 7, 2012, a true and correct copy of the foregoing was served to all necessary parties by email or first-class mail as follows:

*Counsel for Debtor:*
Douglas A. Scott, Esq.
Douglas A. Scott, PLC
1805 Monument Avenue, Suite 311
Richmond, VA 23220
bankruptcycounsel@gmail.com

*Debtor:*
Mark W. Carnes, Sr.
13630 Robious Road
Midlothian, VA 23113

*Carnes Holdings, Inc.*
Carnes Holdings, Inc.
Thomas P. Rohman, Registered Agent
901 East Cary Street
Richmond, Virginia 23219

Carnes Holdings, Inc.
9801 Ironbridge Road
Chesterfield, Virginia 23832

*United States Trustee:*
Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Robert.B.Van.Arsdale@usdoj.gov

*Counsel for Carnes Holdings, Inc.*
John H. Maddock, III, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030

                                    /s/ Jeremy S. Williams
                                          Counsel

## SERVICE LIST

Douglas A. Scott, Esq.
Douglas A. Scott, PLC
1805 Monument Avenue, Suite 311
Richmond, VA 23220

Mark W. Carnes, Sr.
13630 Robious Road
Midlothian, VA 23113

Carnes Holdings, Inc.
Thomas P. Rohman, Registered Agent
901 East Cary Street
Richmond, Virginia 23219

Carnes Holdings, Inc.
9801 Ironbridge Road
Chesterfield, Virginia 23832

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

John H. Maddock, III, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030

## DEFINITIONS AND INSTRUCTIONS

1. The terms "Affiliate" means any entity in which the Debtor was an officer, director, shareholder or member or otherwise had an interest, including, but not limited to Pace King.

2. The term "Carnes Holdings" means Carnes Holdings, Inc.

3. The terms "Debtor" means Mark W. Carnes, Sr.

4. The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records).

5. The term "Obligations" means any and all amounts due and owing to Carnes Holding by the Debtor, Pace King and/or any Affiliate.

6. The term "Pace King" means Pace King Mansion, L.L.C.

7. The term "relating to" means pertaining to, affecting, involving or being connected to.

8. If you choose to withhold any documents from production on the grounds of privilege or the like, you must, in addition to identifying the documents so withheld, provide a privilege log or schedule containing for each such document:

   (a) a description of the type and contents of each such document claimed to be privileged and its date and current custodian and present location;
   (b) the name, occupation and capacity of the document's author;
   (c) the name, occupation and capacity of the each addressee of the document;
   (d) the name, occupation and capacity of each other person who obtained the document or a copy thereof or to whom the document was disseminated or who was informed of the document's contents; and
   (e) the privilege(s) claimed and, for each privilege claimed, a statement of the factual basis for applicability of the privilege.

## **SCHEDULE A**

1. All documents evidencing or relating to any and all Obligations due and owing by the Debtor and/or any Affiliates to Carnes Holding, including, but not limited to, the following:

   a. A Promissory Note dated June 15, 2009 and executed by Carnes Holdings and the Debtor and Pace King;

   b. A Credit Line Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 15, 2009; and

   c. A Pledge Agreement dated June 15, 2009 and executed by the Debtor.

2. All documents regarding or relating to Carnes Holdings interest in certain real property pursuant to a Credit Line Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 15, 2009, including, but not limited to, title reports, appraisals, correspondence and foreclosure documents.

3. All documents regarding or relating to any and all settlement proposals by and between Carnes Holdings and the Debtor or any Affiliate regarding the Obligations.

4. All documents regarding or relating to any evaluations or assessments of the value of the Debtor's shares in Carnes Holdings, including, but not limited to, the appraisal performed by Davenport Financial Advisors LLC and all documents and information relied upon in connection with or relating to such appraisal, evaluations or assessments, such as tax returns, asset lists, balance sheets, statements of cash flows, profit and loss statements and records of shareholder loans and distributions.

5. All documents related to any settlement reached with the Debtor or any Affiliate regarding the Obligations owed to Carnes Holding.

6. All documents reflecting or relating to any transfers between the Debtor and Carnes Holding.